1  ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
   TRUEBLOOD LAW FIRM
2  1700 Seventh Ave, Suite 2100
   Seattle, Washington 98101-1360
3  Telephone: (206) 707-9685
   Facsimile: (206) 832-4676
4
   Attorneys for Plaintiffs
5  KENNETH KLUTH and STEPHEN SCHENK

           UNITED STATES DISTRICT COURT

   WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| KENNETH KLUTH, and STEPHEN SCHENK, | Case No: 2:17-CV-0414 |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| SANTANDER CONSUMER USA INC., and AUTO TRACKERS AND RECOVERY NORTH, LLC, | **(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE** |
| Defendants. | **(3) VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT** |

Plaintiffs Kenneth Kluth and Stephen Schenk hereby complain against defendants Santander Consumer USA Inc. ("Santander"), and Auto Trackers and Recovery North, LLC ("Auto Trackers"), and allege on information and belief as follows:

## OPERATIVE FACTS

1. On or about April 19, 2016, plaintiffs purchased a Ford F150 truck, primarily for personal, family or household use, and financed the purchase price by taking out a loan from defendant Santander. Santander claims it took a security interest in the vehicle. Plaintiffs subsequently fell behind on their contract, and were in contact with Santander to arrange deferred payments which would bring them current on their loan, when Santander hired Par, Inc., in Indianapolis, Indiana, to repossess plaintiff's vehicle. Par then hired defendant Auto Trackers to recover the vehicle.

2. Defendants breached the peace, in violation of Uniform Commercial Code, RCW § 62A.9A-609(b)(2), in repossessing plaintiffs' vehicle. On or about January 17, 2017, Auto Trackers arrived at plaintiffs' residence. Plaintiff Kluth objected to any repossession, and entered the truck to stop the attempt. Auto Trackers ignored plaintiff's objections. As Kluth began to drive away, Auto Trackers slammed its tow truck into the back of plaintiffs' truck, injuring Kluth's neck as he was snapped forward. Kluth had just had surgery on his neck, and Auto Tracker's criminal battery exacerbated his existing injury and caused him great physical pain.

3. After slamming into plaintiffs' vehicle, Auto Trackers jacked up the vehicle into the air, with plaintiff Kluth still inside. Auto Trackers' driver ordered Kluth to leave the vehicle, and Kluth refused. Auto Trackers' driver refused to show plaintiffs any authorization to repossess, or to give them a business card. He falsely told plaintiffs that he would call the police, that they were concealing the vehicle, and that they would go to jail if they did not give up the truck. Kluth told

1

1  the driver he was not leaving the vehicle, and to go ahead and call the police.  Auto
2  Trackers' driver became enraged, came around to the open door of the truck, and
3  took a swing at Kluth.
4      4.    Afraid of further violence, and with Kluth needing to treat his injured
5  neck, plaintiffs gave up possession of the vehicle.
6      5.    After repossession, defendant Santander mailed a joint notice of sale to
7  both plaintiffs, instead of two separate notices as required by the Uniform
8  Commercial Code.  Plaintiffs are informed and believe that Santander has sold
9  plaintiffs' vehicle.  Santander failed to issue any accounting of the deficiency
10  balance or surplus to plaintiffs, as required by the UCC.

## JURISDICTION AND VENUE

12      6.    The court has original jurisdiction over this matter pursuant to 15
13  U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law
14  claims pursuant to 28 U.S.C. § 1367.
15      7.    Venue is proper in the Western District of Washington because
16  defendants do business in King County, Seattle, Washington, in this district, and
17  are subject to the court's personal jurisdiction in this district.

## PARTIES

19      8.    Plaintiffs are natural persons over the age of 18 years and are residents
20  of the state of Washington.
21      9.    Defendant Santander Consumer USA Inc. is an Illinois corporation
22  with its headquarters in Dallas, Texas, and doing business in King County,
23  Washington.
24      10.    Defendant Auto Trackers and Recovery North, LLC is an Idaho
25  limited liability company located in Hayden, Idaho, and doing business in King
26  County, Washington.
27      11.    At all times mentioned herein, each defendant was the agent or
28  employee of each of the other defendants and was acting within the course and

scope of such agency or employment.  The defendants are jointly and severally liable to plaintiffs.

# FIRST CAUSE OF ACTION
**(Against Defendant Auto Trackers for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

12. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

13. Plaintiffs are "consumers" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

14. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

15. Defendants had no present right to repossess plaintiffs' vehicle in breach of the peace, but did so or attempted to do so, in violation of RCW § 62A.9A-609(b)(2).

16. Plaintiffs are entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

17. Plaintiffs are entitled to statutory damages of $1,000 each, against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

18. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Santander for Violations of the Uniform Commercial Code, RCW §§ 62A.9A-609 and 62A.9A-625)**

19. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

20. Defendants violated RCW § 62A.9A-609(b)(2) by repossessing plaintiffs' vehicle in breach of the peace.

21. Defendants violated RCW § 62A.9A-611(b) and 62A.9A-614 by failing to send a reasonable authenticated notification of disposition to plaintiff Schenk.

22. Defendants violated RCW § 62A.9A-616 by failing to send written explanations of the deficiency balance or surplus to plaintiffs, after selling their vehicle.

23. Plaintiffs are entitled to recover their actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to RCW 62A.9A-625(b) and (c)(1).

24. Plaintiffs are entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to RCW 62A.9A-625(c)(2).

25. Plaintiffs are entitled to recover attorneys fees and costs pursuant to the terms of the retail installment sales contract, and applicable law.

WHEREFORE, plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
**(Against All Defendants For Violations Of The Washington Consumer Protection Act, RCW § 19.86.910 et seq)**

26. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

27. Defendants committed unfair methods of competition and/or unfair or

4

deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

28.   Defendants' acts were injurious to the public interest within the meaning of RCW 19.86.093.

29.   Plaintiffs were injured in their business or property by defendants' violations of RCW 19.86.020, and are therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

30.   In addition to actual damages, plaintiffs are entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

31.   Plaintiffs are entitled to a civil penalty of $2,000 for each of defendants' violations of RCW § 19.86.020, pursuant to RCW § 19.86.140.

WHEREFORE, plaintiffs pray for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For civil penalties;
4. For treble damages;
5. For injunctive relief and a temporary restraining order;
6. For pre-judgment interest to the extent permitted by law;
7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury under the United States and Washington constitutions.

Dated: March 16, 2017        Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:  _____/s/_____
     Alexander B. Trueblood

Attorneys for Plaintiffs
KENNETH KLUTH and STEPHEN SCHENK

6

COMPLAINT 2:17-CV-0414    Trueblood Law Firm, 1700 7th Ave., Suite 2100, Seattle, WA 98101; (206) 707-9685