UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| KENNETH KLUTH and STEPHEN SCHENK,<br><br>                Plaintiff<br><br>    v.<br><br>SANTANDER CONSUMER USA INC. and AUTO TRACKERS AND RECOVERY NORTH, LLC,<br><br>                Defendants. | NO. 2:17-CV-0414<br><br>DEFENDANT SANTANDER CONSUMER USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Santander Consumer USA Inc. ("SC") answers Plaintiffs' Complaint for (1) violations of the fair debt collection practices act, (2) violations of the uniform commercial code, and (3) violations of the Washington consumer protection act as follows:

1.    In answer to paragraph 1 of Plaintiffs' Complaint, Defendant SC admits it took a security interest in the vehicle pursuant to the Security Agreement and hired PAR, Inc. to repossess Plaintiffs' vehicle upon Plaintiffs' default. In response to the remaining allegations, Defendant SC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies the same.

2.      In answer to paragraph 2 to Plaintiffs' Complaint, Defendant SC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the same. . By way of further response, SC specifically denies that it breached the peace or violated any law.

3.      In answer to paragraph 3 to Plaintiffs' Complaint, Defendant SC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the dame.

4.      In answer to paragraph 4 to Plaintiffs' Complaint, Defendant SC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the same.

5.      In answer to paragraph 5 to Plaintiffs' Complaint, Defendant SC denies that it failed to send two separate notices of sale to Plaintiff Kluth and Plaintiff Schenk. Defendant SC asserts that the remaining allegations set forth in paragraph 5 are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

6.      In answer to paragraph 6 to Plaintiffs' Complaint, Defendant SC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the same.

7.      In answer to paragraph 7 to Plaintiffs' Complaint, Defendant SC admits it conducts business in King County, Washington. In response to Plaintiffs' remaining assertions, Defendant SC

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the same.

8.  In answer to paragraph 8 to Plaintiffs' Complaint, Defendant SC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the same.

9.  In answer to paragraph 8 to Plaintiffs' Complaint, Defendant SC admits that its principal place of business is located in Dallas Texas and that it does business in King County Washington. The remaining allegations in Paragraph 9 of Plaintiff's Complaint are denied.

10. In Answer to paragraph 10 to Plaintiffs' Complaint, Defendant SC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, denies the same.

11. In answer to paragraph 11 to Plaintiffs' Complaint, Defendant SC denies each and every allegation.

12. In answer to paragraph 12 to Plaintiffs' Complaint, Defendant SC restates its answers to all preceding paragraphs and incorporates them by reference as though fully set forth herein.

13. Paragraph 13 is not directed toward SC, therefore no response is required. Paragraph 13 contains legal conclusions that do not call for a response from Defendant SC. To the extent an answer is required, each and every allegation is denied.

14. Paragraph 14 is not directed toward SC, therefore no response is required. To the extent an answer is required, each and every allegation is denied.

15. Paragraph 15 is not directed toward SC and contains legal conclusions that do not call for a response from Defendant SC. To the extent an answer is required, each and every allegation is denied.

16. Paragraph 16 is not directed toward SC and contains legal conclusions that do not call for a response from Defendant SC. To the extent an answer is required, each and every allegation is denied.

17. Paragraph 17 is not directed toward SC and contains legal conclusions that do not call for a response from Defendant SC. To the extent an answer is required, each and every allegation is denied.

18. Paragraph 18 is not directed toward SC and contains legal conclusions that do not call for a response from Defendant SC. To the extent an answer is required, each and every allegation is denied.

19. In answer to paragraph 19 to Plaintiffs' Complaint, Defendant SC restates its answers to all preceding paragraphs and incorporates them by reference as though fully set forth herein.

20. In answer to paragraph 20 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant SC must respond, it denies each and every allegation contained therein.

21. In answer to paragraph 21 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant SC must respond, it denies each and every allegation contained therein.

22. In answer to paragraph 22 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

23. In answer to paragraph 23 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

24. In answer to paragraph 24 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

25. In answer to paragraph 25 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

26. In answer to paragraph 26 to Plaintiffs' Complaint, Defendant SC restates its answers to all preceding paragraphs and incorporates them by reference as though fully set forth herein.

27. In answer to paragraph 27 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

28. In answer to paragraph 28 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248▪ Fax: 206-623-9050*

29.   In answer to paragraph 29 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein..

30.   In answer to paragraph 30 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

31.   In answer to paragraph 31 to Plaintiffs' Complaint, Defendant SC asserts that the allegations set forth are legal conclusions, and therefore, no response is required. To the extent Defendant must respond, it denies each and every allegation contained therein.

With respect to Plaintiffs' Prayer for Relief, no response from Defendant SC is required. To the extent a response is required, Defendant SC denies that Plaintiffs are entitled to any relief from Defendant SC.

**AFFIRMATIVE DEFENSES**

WHEREFORE, having answered Plaintiffs' Complaint, Defendant SC hereby states and alleges the following affirmative defenses:

32.   Plaintiffs' claims against Defendant SC are barred to the extent they fail to state a claim upon which relief may be granted.

33.   Plaintiffs' claims against Defendants are barred as the venue is improper.

34.   Defendant SC has not violated RCW 62A.9A-609(b)(2), as it did not breach the peace.

35.   Defendant SC has not violated RCW 62A.9A-611(b) or 62A.9A-614 as it mailed two separate notices of sale, one to each Plaintiff.

36. Defendant SC has not violated RCW 62.9A-616 as it is not required to issue an account of the deficiency balance or surplus pursuant to the statute.

37. The alleged injuries to Plaintiffs were not caused by any acts or omissions by Defendant SC.

38. Plaintiff suffered from symptomatic previous conditions, which caused or aggravated his alleged injuries. Defendant SC is not responsible for said pre-existing conditions.

39. Plaintiffs' claims against Defendant SC are barred by the equitable doctrines of estoppel, laches, waiver, and unclean hands.

40. Plaintiffs' causes of action, if any, are not actionable against Defendant SC because the circumstances pleaded by Plaintiffs are the result of unforeseen and unforeseeable acts of third parties over whom Defendant SC has or had no control.

41. Any set of circumstances creating a claim or cause of action, as alleged by Plaintiffs or otherwise, was effectively or legally caused or created by Plaintiffs' own acts or omissions.

42. Plaintiffs have failed to mitigate their damages.

43. Defendant SC adopts and incorporates by reference any affirmative defenses asserted by any other Defendant in this action to the extent that the same applies to Defendant SC.

44. Defendant SC reserves the right to assert additional affirmative defenses as discovery in this litigation proceeds.

WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted affirmative defenses, Defendant SC prays for the following relief:

1. Plaintiffs' Complaint be dismissed and they take nothing thereby;

2. Recovery of all allowable attorneys' fees and costs under the applicable court rules, federal statute including 15 U.S.C. 1692(k), and state statute including RCW 4.84.185; and

3. Such other and further relief as the court deems just and equitable.

DATED this 9th day of August, 2017.

ANDREWS ▪ SKINNER, P.S.

By /s/ Karleen J. Scharer
STEPHEN G. SKINNER, WSBA #17317
KARLEEN J. SCHARER, WSBA #48101
645 Elliott Ave. W., Suite 350, Seattle, WA 98119
206-223-9248 | Fax: 206-623-9050
*Email: Stephen.skinner@andrews-skinner.com*
*Email: Karleen.scharer@andrews-skinner.com*
Attorney for Defendant Santander Consumer USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

ANDREWS ▪ SKINNER, P.S.

By   */s/ Karleen J. Scharer*
STEPHEN G. SKINNER, WSBA #17317
KARLEEN J. SCHARER, WSBA #48101
645 Elliott Ave. W., Suite 350, Seattle, WA 98119
206-223-9248 | Fax: 206-623-9050
*Email: Stephen.skinner@andrews-skinner.com*
*Email: Karleen.scharer@andrews-skinner.com*
Attorney for Defendant Santander Consumer USA, Inc.