Judge Stanley A. Bastian

Stephen G. Skinner, WSBA #17317
Karleen J. Scharer, WSBA #48101
ANDREWS SKINNER, P.S.
645 Elliott Ave. W., Suite 350
Seattle, WA  98119
Telephone: 206-223-9248
Stephen.skinner@andrews-skinner.com
Karleen.scharer@andrews-skinner.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA DIVISION

| | |
|---|---|
| KENNETH KLUTH, and STEPHEN SCHENK,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTANDER CONSUMER USA INC., and AUTO TRACKERS AND RECOVERY NORTH, LLC,<br><br>Defendants. | Case No:  1:17-cv-03149-SAB<br><br>DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:**<br>**May 30, 2018**<br>**Without Oral Argument** |

Defendant Santander Consumer USA Inc. ("SC"), by and through its attorneys, respectfully requests the Court grant its Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56 and LR 56.1, and dismiss Plaintiffs' causes of action for

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 1

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

violation of Washington's Uniform Commercial Code and Washington's Consumer Protection Act. Along with its Statement of Material Facts[1], SC submits as follows:

## I.    INTRODUCTION

Plaintiffs bring this action against defendants SC and Auto Trackers and Recovery North, LLC regarding the repossession and sale of their vehicle after they defaulted under the terms of the financing agreement. Plaintiffs allege that SC failed to send a reasonable authenticated notification of disposition of the vehicle and a written explanation of the deficiency balance to Schenk, and therefore violated Revised Code of Washington ("RCW") 62A.9A-611(b), 62A-9A-614, and 62A.9A-616. In addition, Plaintiffs claim SC violated the Washington Consumer Protection Act as a result of the failure to send the notices.

---

[1] Plaintiffs' deposition was set for April 2, 2018. On the morning of April 2, 2018, Plaintiffs' counsel unilaterally postponed the deposition due to illness. In order to avoid further delay and because the summary judgment deadline is April 10, 2018, SC submits its Motion for Partial Summary Judgment and Statement of Material Facts absent Plaintiffs' deposition testimony. However, SC will include the deposition testimony as appropriate in a Statement of Material Facts accompanying its Reply to any opposition filed by Plaintiffs.

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 2

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

As an initial matter, it is undisputed that SC sent both a "Notice of Our Plan to Sell Property" ("Notice") and "Explanation of Calculation of Surplus or Deficiency" ("Explanation") to both Plaintiffs via U.S. mail. MF ¶¶ 4-6, 17-19. The law is clear that notice is effective, provided the creditor acted reasonably in trying to send the notice, even if the notice is not received. Here, not only is it undisputed that SC mailed both the Notice and Explanation to both Plaintiffs, Kluth acknowledged receiving both documents from SC. MF ¶¶ 6, 19. Further, Plaintiffs lived together when the Notice and Explanation were sent, so Schenk cannot reasonably dispute that he was aware of them. *Id.* at ¶ 7.

To the extent Plaintiffs allege the Notice and Explanation fail to include the required information, their claim fails, as both documents contain all of the statutorily-required disclosures. MF ¶¶ 8-16, 20-23. In addition, to the extent Plaintiffs base their cause of action for violation of the Washington Consumer Protection Act on SC's purported failure to send the Notice and Explanation to Schenk, their claim fails for the same reasons set forth above.

SC requests that the Court grant partial summary judgment in its favor as to Plaintiffs' second and third causes of action as they relate to the provision of notice pursuant to RCW 62A.9A-611(b), 62A.9A-614, and 62A.9A-616.

## II. STATEMENT OF ISSUES

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 3

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

1. Whether summary judgment is appropriate with respect to Plaintiffs' claim for violation of the UCC when (1) the Notice and Explanation were mailed to Plaintiff; (2) the Notice complied with RCW 62A.9A-614 and 62A.9A-613; and (3) the Explanation complied with RCW 62A.9A-616?

2. Whether summary judgment is appropriate with respect to Plaintiffs' claim for violation of Washington's Consumer Protection Act when Plaintiffs' claim is based on violations of the UCC related to the Notice and/or Explanation and they cannot demonstrate that either the Notice of the Explanation was deficient in form or mailing?

### III.   EVIDENCE RELIED UPON

SC relies upon and incorporates by reference the accompanying Statement of Material Facts in Support of SC's Motion for Summary Judgment ("MF"); the Declaration of Jodie Kelch and the exhibits attached thereto; the Declaration of Karleen J. Scharer and the exhibits attached thereto; and the pleadings and files herein.

### IV.   AUTHORITY

**A.   Summary Judgment Standard.**

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex,*

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 4

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

477 U.S. at 325; *see also Fair Hous. Council v. Riverside Two,* 249 F.3d 1132, 1136 (9th Cir. 2001).

The moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School,* 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex,* 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993).

**B.  Plaintiffs' UCC Claim Fails as a Matter of Law as SC Provided the Requisite Notices to Plaintiffs.**

**1.  SC Mailed the Requisite Notice and Explanation to Plaintiffs.**

Plaintiffs' second cause of action[2] alleges that SC did not comply with RCW 62A-9A-611(b) and 62A.9A-614 because it failed to send a reasonable authenticated

---

[2] To the extent Plaintiffs' second cause of action is asserted by both Kluth and Schenk, the claims for violation of RCW 62A-9A-611(b), 62A.9A-614 and 62A.9A-616 fail as to Kluth as he has acknowledged receiving both the Notice and Explanation. Defendant SC's Statement of Material Facts ("MF") ¶¶ 6, 19. Accordingly, Kluth cannot prevail as a matter of law for these alleged violations.

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 5

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

notification of disposition to Schenk. Compl. ¶ 21. In addition, Plaintiffs claim SC violated RCW 62A.9A-616 by failing to send a written explanation of the deficiency balance or surplus to them after it sold the vehicle. *Id.* at ¶ 22. However, SC met the statutory requirements as it mailed the "Notice of Our Plan to Sell Property" ("Notice") and "Explanation of Calculation of Surplus or Deficiency" to both Plaintiffs. MF ¶¶ 4-6, 17-19. In addition, SC acted reasonably in attempting to mail the Notice and Explanation to Plaintiffs. Further, as Plaintiffs resided at the same address as of January 17, 2017 and Kluth acknowledged receiving the Notice and Explanation at that address, Schenk had reason to know of the existence of both the Notice and Explanation after Kluth received them. MF ¶¶ 6-7. In fact, at no point do Plaintiffs allege that Schenk lacked knowledge of the Notice or Explanation, only that the documents were not mailed to him.

The Uniform Commercial Code requires a creditor that disposes of repossessed collateral to send notification of the planned disposition to the debtor. RCW 62A.9A-611(b); *Rotta v. Early Indus. Corp.,* 47 Wn. App. 21, 24, 733 P.2d 576 (1987). RCW 62A.9A-616 requires that an explanation be sent to the debtor stating the amount of the surplus or deficiency and an explanation of how the surplus or deficiency was calculated, along with other information.

A person gives notification to another "by taking such steps as may be reasonably required to inform the other in ordinary course, whether or not the other

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 6

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050*

person actually comes to know of it." RCW 62A.1-202(d). Consequently, notice may be effective even though it is not received if the creditor acted reasonably in trying to send notice. 27 MARJORIE D. ROMBAUER, WASHINGTON PRACTICE: CREDITORS' REMEDIES—DEBTORS' RELIEF, § 3.126 at 273 (1998).

> The Uniform Commercial Code defines "send" as follows:
>
> "Send" in connection with any writing or notice means: (A) to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and, in the case of an instrument, to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances; or (B) in any other way to cause to be received any record or notice within the time it would have arrived if properly send.

RCW 62A.1-201(b)(36). In addition, RCW 62A.1-202(a) provides that a person has notice if they have actual knowledge or if from all facts and circumstances known to the person at the time in question, he has reason to know that it exists. Finally, the purpose of the notification requirement of RCW 62A.9A-611(b) is to provide the consumer a chance to redeem the property. *Swanson v. May*, 40 Wn. App. 148, 155, 697 P.2d 1013 (1985).

Here, it is undisputed that SC mailed the Notice to Kluth and Schenk on or about January 17, 2017. MF ¶ 4. The Notice was mailed to Kluth at 2700 Fruitvale Blvd., Unit 8, Yakima, WA 98902-1148 and to Schenk at General Delivery, Yakima,

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 7

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

WA 98903. MF ¶ 5. Plaintiffs acknowledge that SC mailed the Notice to Kluth. MF ¶ 6. Further, Plaintiffs stated that Schenk lived at 2700 Fruitvale Blvd., Unit 8, Yakima, WA as of January 17, 2017. MF ¶ 7. SC also mailed the Explanation to Kluth and Schenk on or about April 2, 2017. MF ¶ 17. The Explanation was also mailed to Kluth at 2700 Fruitvale Blvd., Unit 8, Yakima, WA 98902-1148 and to Schenk at General Delivery, Yakima, WA 98903. MF ¶ 18. Plaintiffs again acknowledge that SC mailed the Explanation to Kluth. MF ¶ 19.

These undisputed facts reflect that SC sent the Notice to both Kluth and Schenk on or about January 17, 2017 and that SC sent the Explanation to both Kluth and Schenk on or about April 2, 2017. MF ¶¶ 4-5, 17-18. Pursuant to RCW 62A.1-202(d), SC took reasonable steps to inform both Kluth and Schenk of the Notice and Explanation by mailing a copy of each document to both of them. Notification of the Notice and Explanation was effective once the documents were mailed by SC to Plaintiffs. RCW 62A.9A-610(a). Because actual receipt by Schenk of the Notice and Explanation is not required for the notifications to be effective, the undisputed fact that SC mailed the documents to Plaintiffs, requires a finding, as a matter of law, that SC complied with its statutory obligation to send these documents. For this reason alone, summary judgment in SC's favor is warranted.

Summary judgment is also appropriate, however, because Schenk had actual or constructive notice of the disclosures. It is undisputed that Kluth and Schenk

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 8

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

lived together at the time SC mailed the Notice and Explanation, and Plaintiffs acknowledge that Kluth received both the Notice and Explanation at the address SC used on the mailings. MF ¶¶ 6-7, 19. RCW 62A.1-202(a) provides that a person has notice if they have actual knowledge or reason to know the notice exists. Here, Plaintiffs lived together and Schenk does not deny that he had actual knowledge of the Notice and Explanation. Because Schenk either knew or had reason to know of the Notice and Explanation, the Court should grant summary judgment with respect to Plaintiffs' second cause of action.

In sum, SC satisfied the statutory requirements pursuant to RCW 62A.9A-611(b) by sending the Notice and Explanation to both Kluth and Schenk. Whether or not Schenk received the mailings is immaterial as to SC's compliance with the statute as SC took "such steps as may be reasonably required to inform" both Kluth and Schenk in the ordinary course regarding the Notice and Explanation. RCW 62A.1-202(d). Further, SC's reasonable steps resulted in actual or constructive notice to Kluth of both the Notice and Explanation. Plaintiffs have offered no evidence to the contrary.

Accordingly, the Court should grant summary judgment in favor of SC as to Plaintiffs' second cause of action for violation of RCW 62A.9A-611(b), 62A-9A-614, and 62A.9A-616.

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 9

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

## 2. The Notice Met the Requirements of RCW 62A.9A-614.

The basis for Plaintiffs' claim under this statute is not entirely clear. To the extent Plaintiffs contend that SC simply failed to send the Notice to Schenk, their contention fails for the reasons stated above. Plaintiffs' claim fares no better, however, if they are claiming that the Notice failed to include the required disclosures. As discussed below, the contents of the Notice met all applicable statutory requirements, and summary judgment on Plaintiffs' claim under this statute should be granted.

Pursuant to RCW 62A.9A-614(1), a notification of disposition must provide: (1) the information specified in RCW 62A.9A-613(1); (2) a description of any liability for a deficiency for the person who is being sent the notice; (3) a telephone number for the person to contact the secured party to determine the amount necessary to redeem the collateral; and (4) a telephone number or mailing address from which additional information concerning the disposition and obligation secured is available. RCW 62A.9A-613(1) requires: (1) a description of the debtor and secured party; (2) a description of the collateral that is subject to disposition; (3) the method of intended disposition; (4) a statement that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge for such an accounting; and (5) the time and place of a public disposition or time after which any other disposition is to be made.

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 10

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248▪Fax: 206-623-9050

Here, Plaintiffs cannot reasonably dispute that the Notice met all of the requirements of RCW 62A.9A-614(1) and 62A.9A-613(1).  The Notice identified the debtors as Kluth and Schenk, and the secured party as SC.  MF ¶ 8.  Further, the Notice described the collateral as the 2013 Ford F150 with VIN 1FTFX1EF5DFA80276.  MF ¶ 9.  The Notice stated that SC was going to dispose of the Vehicle via private sale after January 30, 2017, identifying the time, place and method of disposition.  MF ¶¶ 10, 12.  The Notice also stated that if Plaintiffs want SC "to explain to [Plaintiffs] in writing how [SC] figured out the amount that" Plaintiffs owed, they could contact SC via telephone or mail for an accounting of the charges for the account.  MF ¶ 11.  The Notice also provided a telephone number for Plaintiffs to contact SC to determine the exact amount to be paid to redeem the Vehicle from SC and to obtain more information regarding the sale of the Vehicle. MF ¶¶ 14-15.  Finally, the Notice set forth that Plaintiffs would be liable for any deficiency on the account after the proceeds from the sale of the Vehicle were applied to the account.  MF ¶ 13.  In sum, all of the statutory requirements for a notice of disposition were met by SC's January 17, 2017 Notice.

Accordingly, the Court should grant summary judgment in favor of SC as to Plaintiffs' second cause of action, to the extent it alleges that the Notice failed to provide the statutorily required information.

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 11

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

### 3. The Explanation Met the Requirements of RCW 62A.9A-616.

In their Complaint, Plaintiffs allege that "Defendants violated RCW § 62A.9A-616 by failing to send written explanations of the deficiency balance or surplus to Plaintiffs, after selling their vehicle." *Dkt. No. 1,* p. 4:11-13. As an initial matter, Plaintiffs concede that Kluth received the Explanation. MF ¶ 19. As discussed above, SC mailed the Explanation to Schenk, and in any event, Schenk had actual or constructive knowledge of the Explanation. MF ¶ 18. Finally, and as discussed below, Plaintiffs cannot reasonably contend that the contents of the Explanation failed to meet any statutory requirements. For these reasons, summary judgment is warranted.

Pursuant to RCW 62A.9A-616, an explanation of calculation of surplus or deficiency means a writing that: (1) states the amount of the surplus or deficiency; (2) provides an explanation of how the secured party calculated the surplus or deficiency; (3) states that "future debits, credits, charges, including additional credit service charges or interest, rebates, and expenses may affect the amount of the surplus or deficiency"; and (4) provides a telephone number or mailing address from which to request additional information regarding the transaction.

Here, the Explanation met all of the requirements of RCW 62A.9A-616. The Explanation set forth the amount of the deficiency, $8,960.49, owed by Plaintiffs. MF

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 12

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

¶ 20. The Explanation provided a breakdown of how the deficiency was calculated. MF ¶ 21. Further, the Explanation stated that "[f]uture debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount." MF ¶ 22. Finally, the Explanation provided a telephone number and address for Plaintiffs to contact SC regarding more information about the transaction. MF ¶ 23. In short, the Explanation contained all of the statutorily required information for an explanation of calculation of surplus or deficiency.

Accordingly, the Court should grant summary judgment in favor of SC as to Plaintiffs' second cause of action, to the extent it alleges that the Explanation failed to provide the statutorily required information.

### C. Plaintiffs' CPA Claim Fails as a Matter of Law to the Extent it is Based on the Notice or Explanation.

Plaintiffs' third cause of action for violation of the Washington Consumer Protection Act ("CPA") broadly alleges that SC committed unfair methods of competition and/or deceptive acts or practices, in the conduct of any trade or commerce. *Dkt. No. 1,* p. 4:27 – 5:2. Plaintiffs allege that SC's conduct violated RCW 19.86.020 and was injurious to the public interest in violation of RCW 19.86.093. *Id.* at 5:3-7. However, Plaintiffs do not allege what specific conduct by SC violated the CPA. To the extent Plaintiffs base their CPA claim on SC's alleged failure to provide the Notice or Explanation to Schenk, it fails as a matter of law for the reasons stated

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 13

Andrews•Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248▪ Fax: 206-623-9050

above. *See supra* Section B, parts 1-3. Because SC provided the requisite Notice and Explanation, its alleged failure to do so cannot serve as a basis for a CPA claim.

To establish that SC's actions injured the public interest, Plaintiffs must establish that the actions: "(1) Violates [a statute within the CPA]; (2) Violates a statute that contains a specific legislative declaration of public interest impact; or (3)(a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons." RCW 19.86.093. With respect to Plaintiffs' second cause of action regarding the provision of the Notice and Explanation to Schenk, they cannot establish a violation of a statute within the CPA or a statute that contains a specific legislative declaration of public interest impact. Further, Plaintiffs cannot establish that SC's actions regarding the provision of the Notice and Explanation injured other persons, had the capacity to injure other persons or has the capacity to injure other persons. To the extent Plaintiffs' third cause of action for acts injurious to the public interest is based on the provision of the Notice and Explanation to Schenk, summary judgment should be granted in favor of SC.

Accordingly, to the extent Plaintiffs' third cause of action against SC is based on conduct related to the provision of the Notice and Explanation to Schenk, the Court should grant summary judgment in favor of SC.

### V.    CONCLUSION

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 14

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

SC respectfully requests the Court grant its Motion for Partial Summary Judgment as to Plaintiffs' Complaint regarding Plaintiffs' second and third causes of action, as set forth above.

DATED this 10th day of April, 2018.

ANDREWS ▪ SKINNER, P.S.

By _____s/ Karleen J. Scharer_____
STEPHEN G. SKINNER, WSBA #17317
KARLEEN J. SCHARER, WSBA #48101
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206.223.9248 | Fax: 206.623.9050
Stephen.skinner@andrews-skinner.com
Karleen.scharer@andrews-skinner.com
Attorneys for Defendants Santander Consumer USA Inc. and Auto Trackers and Recovery North, LLC

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 15

*Andrews▪Skinner, P.S.*
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248▪ Fax: 206-623-9050*

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which sent notification of such filing to the following individuals:

>Alexander Trueblood
>Trueblood Law Firm
>1700 Seventh Ave., Suite 2100
>Seattle, WA 98101
>*Attorneys for Plaintiffs*

>ANDREWS ▪ SKINNER, P.S.


>By _____*s/ Karleen J. Scharer*_____
>STEPHEN G. SKINNER, WSBA #17317
>Karleen J. Scharer, WSBA #48101
>645 Elliott Ave. W., Ste. 350
>Seattle, WA 98119
>Tel: 206.223.9248 | Fax: 206.623.9050
>Stephen.skinner@andrews-skinner.com
>Karleen.scharer@andrews-skinner.com
>Attorneys for Defendants Santander Consumer USA Inc. and Auto Trackers and Recovery North, LLC

SANTANDER CONSUMER USA INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
[1:17-cv-03149-SAB] - 16

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050