Judge Stanley A. Bastian

Stephen G. Skinner, WSBA #17317
Karleen J. Scharer, WSBA #48101
ANDREWS SKINNER, P.S.
645 Elliott Ave. W., Suite 350
Seattle, WA 98119
Telephone: 206-223-9248
Stephen.skinner@andrews-skinner.com
Karleen.scharer@andrews-skinner.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON – YAKIMA DIVISION

| | |
|---|---|
| KENNETH KLUTH and STEPHEN SCHENK,<br><br>Plaintiff<br><br>v.<br><br>SANTANDER CONSUMER USA INC. and AUTO TRACKERS AND RECOVERY NORTH, LLC,<br><br>Defendants. | NO. 1:17-cv-03149-SAB<br><br>STIPULATED PROTECTIVE ORDER<br><br>[PROPOSED] |

This Confidentiality Stipulation and Protective Order (this "Protective Order") shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated as "Confidential" or "Confidential Attorney Eyes Only." Any Party or non-party may, in good faith,

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 1

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

designate as "Confidential" or "Confidential Attorney Eyes Only" any documents, interrogatory answers, responses to requests for admission, deposition transcripts, information or other written, recorded, or graphic material produced or disclosed in this litigation that the producing party considers to be subject to this Protective Order.

2. The term "Confidential Information," as used in this Protective Order, shall mean any discovery material that the producing party, in good faith, reasonably believes contains or constitutes (a) information not in the public domain that reflects confidential financial or commercial information, or information otherwise entitled to protection with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, (b) matters that constitute or contain trade secrets pursuant to applicable law, and (c) non-public personal information of third-parties, including information that identifies the personal or financial information for a given person, including name, address, account number, telephone number, place or position of work, or other identifying information.

3. The term "Confidential Attorney Eyes Only Information" as used in this Protective Order shall mean information not in the public domain that is so proprietary or competitively sensitive that its disclosure to the opposing party may cause competitive injury. Such information may include, but is not limited to, highly sensitive financial and trade secret information. The parties recognize that the type

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 2

Andrews▪Skinner, P.S.
*645 Elliott Ave. W., Ste. 350*
*Seattle, WA 98119*
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

of information which can properly be considered "Confidential Attorney Eyes Only" is therefore limited; accordingly, the parties expect to use this designation sparingly.

4.      Nothing in this Protective Order shall limit the right of a Party to use documents or information that (a) was lawfully in its possession prior to the initiation of this action; (b) was, is, or becomes public knowledge, not in violation of this Protective Order; (c) is acquired by the non-producing party from a third-party who breached no legal obligation in providing the document(s) to the non-producing party; (d) becomes declassified under the Protective Order.  The parties shall not designate information as "Confidential" or "Confidential Attorneys Eyes Only" for the purpose of interfering with the rights of the receiving Party to conduct discovery.

### Confidential and Confidential Attorney Eyes Only Information

5.      Any Party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter, the "Designating Party" or the "Producing Party") may designate as "Confidential" or "Confidential Attorney Eyes Only" any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information or Confidential Attorney Eyes Only Information under the terms of this Protective Order.  The designation of discovery material as Confidential or Confidential Attorney Eyes Only for purposes of this Protective Order shall be made by affixing the word "Confidential" on the document

STIPULATED PROTECTIVE ORDER  
[1:17-CV-03149-SAB] - 3

Andrews▪Skinner, P.S.  
645 Elliott Ave. W., Ste. 350  
Seattle, WA 98119  
Tel: 206-223-9248▪Fax: 206-623-9050

or material containing such information, and upon each page so designated, if practicable, a legend that in substance states: "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY."

6. Depositions may be designated "Confidential" or "Confidential Attorney Eyes Only" by indicating that fact on the record at the deposition or by providing written notice to the other Party within thirty (30) days of receipt of the hard copy transcript. If a Designating Party has advised the court reporter that Confidential Information or Confidential Attorney Eyes Only Information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS [CONFIDENTIAL INFORMATION / CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION] OF [NAME OF DESIGNATING PARTY] – SUBJECT TO PROTECTIVE ORDER." Within thirty (30) business days of receipt of the initial deposition transcript, the Designating Party shall advise opposing counsel of the specific pages and lines in which Confidential Information or Confidential Attorney Eyes Only Information appears.

7. Confidential Information used in this litigation may be disclosed only to:

    a. The Court and its personnel.

    b. The Parties' counsel and employees of such

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 4

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248▪Fax: 206-623-9050

   counsel assigned to and necessary to assist such counsel in this action.

c.  The named Parties, including any representative of the Parties, but only for use in the prosecution, defense, or settlement of this action.

d.  Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance in this action.

e.  A deponent or witness, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her testimony, or in the actual course of deposition, may not retain any designated material and must be informed of the confidential nature of the materials.

f.  Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this action.

g.  An outside photocopy vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies of documents, but only to the extent necessary to enable the photocopy vendor to render such assistance in this action.

STIPULATED PROTECTIVE ORDER  
[1:17-CV-03149-SAB] - 5

Andrews▪Skinner, P.S.  
645 Elliott Ave. W., Ste. 350  
Seattle, WA 98119  
Tel: 206-223-9248 ▪ Fax: 206-623-9050

8. Confidential Attorney Eyes Only Information used in this litigation may be disclosed only to:

    a. The Court and its personnel.

    b. The Parties' counsel and employees of such counsel assigned to and necessary to assist such counsel in this action.

    c. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance in this action.

    d. A deponent or witness, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her testimony, or in the actual course of deposition, may not retain any designated material and must be informed of the confidential nature of the materials.

    e. Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this action.

    f. An outside photocopy vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies of documents, but only to the extent necessary to enable the photocopy vendor to render such assistance in this action.

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 6

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

9. If a Party wishes to disclose Confidential Information or Confidential Attorney Eyes Only Information to any person not described in Paragraphs 7 and 8 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If within seven (7) business days of request for permission, the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, the Court orders otherwise.

10. Prior to obtaining access to Confidential Information or Confidential Attorney Eyes Only Information, any person to whom Confidential Information may be disclosed pursuant to Paragraphs 7, 8, and 9 hereof, except the Court and their personnel, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if requested by the Designating Party, shall provide a copy of the signed acknowledgment to counsel for the Designating Party, with the exception that the Designating Party is not entitled to see an acknowledgement signed by an expert who has not yet been disclosed as a testifying expert. Rather, counsel shall certify that all such experts have acknowledged the confidentiality agreement.

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 7

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

11. Where any Confidential Information or Confidential Attorney Eyes Only Information is included in any filing, such filing shall be marked **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** and filed pursuant to the Court's practices related to filing under seal, if any. The filing Party shall take all necessary steps to ensure that any such Confidential Information, Confidential Attorney Eyes Only Information or information derived from Confidential Information or Confidential Attorney Eyes Only Information will be maintained under seal by the Court.

### General Provisions

12. Except to the extent expressly authorized in this Protective Order, Confidential Information and Confidential Attorney Eyes Only Information shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of this Protective Order. Use or disclosure of Confidential Information and Confidential Attorney Eyes Only Information in any other litigation or for any other purposes is expressly prohibited.

13. Any summary, compilation, notes, copy, electronic image, or database containing Confidential Information and/or Confidential Attorney Eyes Only Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image, or database is made or derived.

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 8

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

14. Within thirty (30) days of receipt of a document marked Confidential and/or Confidential Attorney Eyes Only, any Party may object to a designation by notifying the Designating Party in writing of that objection. The writing also must specify the Bates range corresponding to the beginning and end of each document subject to objection as well as the Bates number of the particular page or pages of such documents that actually contain the designated materials to which the objection is made. The parties shall, within fourteen (14) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the objecting Party shall, within twenty-one (21) days of the conference, file and serve a motion to resolve the dispute over the designation of the material. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with this designation. If no such motion is filed within the stated time period, the material will be treated consistently with its designation. With respect to any material that is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

15. If any Producing Party inadvertently fails to designate any information as Confidential or Confidential Attorney Eyes Only at the time of production or

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 9

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

disclosure, that party shall not be deemed to have waived, in whole or in part, any claim to such designation, either as to specific information disclosed or as to any other information on the same or related subject matter. As soon as reasonably practicable after the party becomes aware of the inadvertent failure to designate material as Confidential or Confidential Attorney Eyes Only, the party shall identify and designate such information as Confidential or Confidential Attorney Eyes Only in writing, accompanied by substitute copies of each item stamped or labeled Confidential or Confidential Attorney Eyes Only. If such written notice is given, all information so designated shall be subject to this Protective Order as if it had been initially designated as Confidential Information or Confidential Attorney Eyes Only Information. Within seven (7) days of receipt of the substitute copies marked Confidential or Confidential Attorney Eyes Only, all receiving parties shall return or destroy the previously unstamped or unlabeled information and all copies thereof. If, prior to receiving such notice, a receiving party has disseminated the Confidential Information or Confidential Attorney Eyes Only Information to individuals not authorized to receive such Confidential Information or Confidential Attorney Eyes Only Information pursuant to this Protective Order, the receiving party shall make a reasonable effort to retrieve the Confidential Information or Confidential Attorney Eyes Only Information, or if such efforts fail, to advise each recipient that the

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 10

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248▪Fax: 206-623-9050

Confidential Information or Confidential Attorney Eyes Only Information is subject to this Protective Order.

16. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

17. If counsel for any Party receives notice of any subpoena or other compulsory process commanding production of Confidential Information or Confidential Attorney Eyes Only Information that a Party has obtained under the terms of this Protective Order, counsel for such party shall notify the Designating Party in writing immediately upon receipt of such subpoena or process, and shall not produce the Confidential Information and/or Confidential Attorney Eyes Only Information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance and, to give the Designating Party an opportunity to obtain such relief, the Party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

18. This Protective Order shall not prevent any of the Parties from moving the Court for an order that Confidential Information and/or Confidential Attorney Eyes Only Information may be disclosed other than in accordance with this

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 11

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

Protective Order. This Protective Order is without prejudice to the right of any Party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court. This Protective Order does not affect any Party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

19. Nothing in this Protective Order shall be deemed to be a waiver of any Party's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of counsel, as not calculated to lead to the discovery of admissible evidence, or as not proportional to the needs of the case. Moreover, nothing in this Protective Order shall preclude a Party from seeking such additional protection with regard to confidentiality as that Party may deem appropriate.

20. Nothing in this Protective Order shall require any Party to produce Confidential Information or documents containing Confidential Information and nothing in this Protective Order shall result in the waiver by any Party of any objection to any discovery request or the production of Confidential Information or any document containing Confidential Information. The production subject to this Protective Order of Confidential Information or documents containing Confidential

STIPULATED PROTECTIVE ORDER  
[1:17-CV-03149-SAB] - 12

Andrews ▪ Skinner, P.S.  
*645 Elliott Ave. W., Ste. 350*  
*Seattle, WA 98119*  
*Tel: 206-223-9248 ▪ Fax: 206-623-9050*

Information shall not be deemed a waiver of any objection to the admissibility of such documents or their contents that may exist under any applicable Rules of Evidence. It is the intent of the parties and the Court hereto that any such objections may be asserted prior to and at trial.

21. This Protective Order shall not preclude any party from seeking and obtaining from the Court additional protection with respect to the issues addressed in the Protective Order. The parties agree that this Protective Order is without prejudice to any position either Claimant or Respondent may take in any other cases.

22. This Protective Order is not intended to govern the use of Confidential Information at any trial of this action. Questions of the protection of Confidential Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

23. The inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine. Upon receipt of notice of such inadvertent production from the producing Party, the receiving Party shall, within seven (7) business days of such notice, either (a) return all copies of such document(s) to the Producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving party and shall destroy all copies of such documents that contain

such notes or other attorney work product or (b) shall apply to the Court for resolution if the Producing Parties' claim of inadvertent production is disputed; however, the receiving party may not use of the information while the application to the Court is pending.

24.  The Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Protective Order, notwithstanding the termination of this action.

25.  Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall employ best efforts to return all Confidential Information and Confidential Attorney Eyes Only Information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall destroy such information.  Counsel for any Party or third party receiving Confidential Information and/or Confidential Attorney Eyes Only Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals.  Should any Party or third party subsequently discover that, despite the use of best efforts, any Confidential Information was not returned or destroyed, in either electronic or hard copy formats, such party must immediately take steps to return or destroy such information as outlined above.

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 14

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

26. Any Party may seek a modification of this Protective Order at any time by filing an appropriate motion with the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 4th day of May, 2018.

ANDREWS ▪ SKINNER, P.S.

By *s/ Karleen J. Scharer*
STEPHEN G. SKINNER, WSBA #17317
KARLEEN J. SCHARER, WSBA #48101
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206.223.9248 | Fax: 206.623.9050
Stephen.skinner@andrews-skinner.com
Karleen.scharer@andrews-skinner.com
Attorneys for Defendants Santander Consumer USA Inc. and Auto Trackers and Recovery North, LLC

DATED this 4th day of May, 2018.

TRUEBLOOD LAW FIRM

*/s/ Alexander B. Trueblood*
Alexander B. Trueblood, WSBA #50612
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
206.707.9685
Fax: 206.832.4676
Alec.trueblood@truebloodlawfirm.com
*Attorneys for Plaintiffs*

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 15

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

1
2        PURSUANT TO STIPULATION, IT IS SO ORDERED
3
4        DATED AND ORDERED this ___ day of _____, 2018.
5
6                                    _____
                                     JUDGE STANLEY A. BASTIAN
7                                    UNITED STATES DISTRICT COURT
                                     JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT YAKIMA DIVISION

| | |
|---|---|
| KENNETH KLUTH, and STEPHEN SCHENK,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTANDER CONSUMER USA INC., and AUTO TRACKERS AND RECOVERY NORTH, LLC,<br><br>Defendants. | Case No: 1:17-cv-03149-SAB<br><br>**APPENDIX A TO THE PROTECTIVE ORDER** |

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 17

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Dated: _____      _____
                                     Signature

                                     _____
                                     Printed Name

                                     _____
                                     Address
                                     _____

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 18

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

Address

_____
Individual or Entity Represented

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 19

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

# CERTIFICATE OF SERVICE

I hereby certify that on May 4th, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

>Alexander Trueblood
>Trueblood Law Firm
>1700 Seventh Ave., Suite 2100
>Seattle, WA 98101
>*Attorneys for Plaintiffs*

>ANDREWS ▪ SKINNER, P.S.

>By   *s/ Karleen J. Scharer*
>STEPHEN G. SKINNER, WSBA #17317
>Karleen J. Scharer, WSBA #48101
>645 Elliott Ave. W., Ste. 350
>Seattle, WA 98119
>Tel: 206.223.9248 | Fax: 206.623.9050
>Stephen.skinner@andrews-skinner.com
>Karleen.scharer@andrews-skinner.com
>Attorneys for Defendants Santander Consumer USA Inc. and Auto Trackers and Recovery North, LLC

STIPULATED PROTECTIVE ORDER
[1:17-CV-03149-SAB] - 20

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050