FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH KLUTH and STEPHEN SCHENK, <br><br> Plaintiffs, <br><br> v. <br><br> SANTANDER CONSUMER USA INC., and AUTO TRACKERS AND RECOVERY NORTH, LLC, <br><br> Defendants. | No. 1:17-cv-03149-SAB <br><br> **ORDER GRANTING DEFENDANT SANTANDER CONSUMER USA INC.'S AMENDED MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant Santander Consumer USA Inc's ("SC") Amended Motion for Summary Judgment, ECF No. 39. The motion was heard without oral argument. Plaintiffs did not file a timely objection to the motion.

**Motion Standard**

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. *Id.* at 256-57. The moving party bears the initial

**ORDER GRANTING DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION FOR SUMMARY JUDGMENT** ~ 1

burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Celotex*, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out an absence of evidence supporting the non-moving party's case. *Id*. The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256.

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**Local Rules**

LR 7.1(d) provides:
(d) Failure to Comply with the Rules of Motion Practice
The failure to comply with the requirements of LR 7.1(a) or (b) may be deemed consent to the entry of an Order adverse to the party who violates these rules.

LR 56.1(d) provides:
(d) In determining any motion for summary judgment, the Court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth in (b).

Generally, a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Thus, in this case where there is no opposition or evidence from Plaintiffs, the Court will apply

**ORDER GRANTING DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION FOR SUMMARY JUDGMENT** ~ 2

standards consistent with Rule 56 and determine whether Defendant's evidence demonstrates the absence of a genuine issue of material fact and whether Defendant is entitled to judgment as a matter of law.

**Plaintiffs' Complaint**

In their Complaint, Plaintiffs are alleging two claims against Defendant SC: (1) Violations of the UCC RCW §§ 62A.9A-609 and 62A.9A-625; and (2) Violation of the Washington Consumer Protection Act. ECF No. 1. Specifically, Plaintiffs state:

> 20. Defendants violated RCW § 62A.9A-609(b)(2) by repossessing plaintiffs' vehicle in breach of the peace.
>
> 21. Defendants violated RCW § 62A.9A-611(b) and 62A.9A-614 by failing to send a reasonable authenticated notification of disposition to plaintiff Schenk.
>
> 22. Defendants violated RCW § 62A.9A-616 by failing to send written explanations of the deficiency balance or surplus to plaintiffs, after selling their vehicle.

ECF No. 1, at 5.

With respect to the second claim, Plaintiffs have not identified what specific acts violated the Washington Consumer Protection Act. ECF No. 1, at 5-6. Instead, they merely recite the generic elements of the action. *Id.*

In their motion, Defendant SC provides admissible evidence that demonstrates that SC is not responsible for the actions of Defendant Auto Trackers during the recovery of the vehicle because Auto Trackers was not an agent or employee of SC. Moreover, SC did not exercise any control over the actions of Auto Trackers with respect to the repossession. Instead, the record demonstrates that SC hired Auto Trackers as an independent contractor and as such, is not vicariously liable for any alleged wrongdoing on the part of Auto Trackers. *See DeWater v. State,* 130 Wash.2d 128, 137 (1996).

**ORDER GRANTING DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION FOR SUMMARY JUDGMENT** ~ 3

Defendant SC has also demonstrated that summary judgment is appropriate with respect to remaining claims. SC acted reasonably in attempting to mail the Notice and Explanation to Plaintiffs by sending the documents to Plaintiffs' last known address. Plaintiff Kluth acknowledged receipt of the Notice and Explanation, and telling Plaintiff Schenk about the Notice and Explanation. Further, Schenk specifically testified that he reviewed and/or discussed with Kluth the Notice and Explanation after the documents were received by Kluth. Defendant SC has demonstrated that the notices meet the statutory requirements. Finally, Plaintiffs have not shown they have a viable Washington Consumer Protection Act claim.

Because Defendant has demonstrated an absence of material fact and has shown it is entitled to judgment as a matter of law, the granting of Defendant's Motion for Summary Judgment is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Santander Consumer USA Inc's Amended Motion for Summary Judgment, ECF No. 39, is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of Defendant Santander Consumer USA Inc. and against Plaintiffs.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 24th day of September 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION FOR SUMMARY JUDGMENT** ~ 4